# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CHRISTOPHER BUCHANAN**                                              **PLAINTIFF**
**ADC #176655**

**V.**                       **NO. 2:22-cv-00020-KGB-ERE**

**BOBBY MAYE,** *et al.*                                              **DEFENDANTS**

## ORDER

On February 9, 2022, the Court ordered service on Defendant David Underwood at the St. Francis County Detention Center ("Detention Center"). *Doc. 4*. On April 4, 2022, service on Defendant Underwood was returned unexecuted. *Doc. 20*. The Court then ordered counsel for Defendants Sheriff Bobby May, Jonnie Jones, and Larry Jones, who have entered an appearance, to provide the last-known address, under seal, of Defendant Underwood or an explanation regarding his employment status at the Detention Center. *Doc. 21*. On April 8, 2022, defense counsel filed a response explaining that: (1) Defendant Underwood has never been a Detention Center employee; (2) Defendant Underwood served the State of Arkansas as the former coordinator of the Criminal Detention Facilities Review Committee; and (3) Defendants May, Jones and Jones are not aware of Defendant Underwood's whereabouts or address. *Doc. 22*.

Title 28 U.S.C. § 1915 allows a court, upon review, to dismiss a claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted.

"[U]nder the Prison Litigation Reform Act (PLRA), the Court has a continuing duty to dismiss at any time claims that are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)." *Whitt v. Cradduck*, No. 5:16-CV-05024, 2016 WL 3920420, at *1 (W.D. Ark. July 18, 2016); see also *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) ("[A] district court may dismiss an action filed *in forma pauperis* 'at any time' if the court determined that the action fails to state a claim on which relief may be granted."). The Court previously screened Mr. Buchanan's complaint and recommended that he be allowed to pursue unconstitutional conditions of confinement claims, specifically that he was exposed to black mold, freezing temperatures, and an inadequate ventilation system at the Detention Center. *Doc. 5*. In now appears undisputed that Defendant Underwood never worked at the Detention Facility. Thus, it is unclear how Defendant Underwood could have been personally involved in violating Mr. Buchanan's constitutional rights, as required to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, to state a viable § 1983 claim, a prisoner *"*must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Accordingly, if Mr. Buchanan wants to pursue a claim against Defendant Underwood, he must explain what, specifically, Defendant Underwood did or failed to do that violated Mr. Buchanan's constitutional rights.

Assuming Mr. Buchanan's claims against Defendant Underwood survive additional screening, it remains Mr. Buchanan's responsibility to provide the Court and the U.S. Marshal Service with a proper service address for Defendant Underwood. *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). Mr. Buchanan has until **June 15, 2022**, to find a valid service address for Defendant Underwood and to file a "Motion for Service," requesting that service again be attempted upon Defendant Underwood.[1] Mr. Buchanan is warned that the failure to timely and properly comply with this Order is likely to result in the dismissal, without prejudice, of his claims against Defendant Underwood. See Fed. R. Civ. P. 4(m).

Mr. Buchanan is further instructed not to file discovery requests or discovery responses with the Court unless they are necessary to support a motion or response to a motion, or to comply with a court order. See Fed. R. Civ. P. 5(d).

IT IS THEREFORE ORDERED THAT:

1. Within 30 days of the entry of this Order, Mr. Buchanan must file a supplement to his Complaint explain *how* Defendant Underwood was personally involved in violating his constitutional rights. If he fails to do so, the Court will likely recommend that Mr. Buchanan's claims against Defendant Underwood be dismissed.

---

[1] Mr. Buchanan may use the discovery process provided for by the Federal Rules of Civil Procedure to attempt to obtain this information.

2. Mr. Buchanan has until **June 15, 2022**, to find a valid service address for Defendant Underwood and to file a "Motion for Service," requesting that service again be attempted upon Defendant Underwood.

DATED this 11th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE