IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CHRISTOPHER BUCHANAN                                                    PLAINTIFF
ADC #176655

v.                          Case No. 2:22-cv-00020-KGB-ERE

BOBBY MAYE, *et al.*                                                   DEFENDANTS

## ORDER

Before the Court are the Partial Recommended Dispositions submitted by United States Magistrate Judge Edie R. Ervin (Dkt. Nos. 5, 32, 54, 55, and 74).  After careful consideration of the Partial Recommended Dispositions, the objections, and a *de novo* review of the record, the Court concludes that the Partial Recommended Dispositions should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. Nos. 5, 32, 54, 55, and 74).

I.        **Background**

Mr. Buchanan, currently confined in the Arkansas Department of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983 regarding his past detention at the St. Francis County Jail ("County Jail") (Dkt. No. 2).  Mr. Buchanan sues Sheriff Bobby Maye; Jail Administrator Lieutenant Jonnie Jones; Assistant Jail Administrator Larry Jones; Darrell Elkin, M.D.; and Jail Coordinator David Underwood (*Id.*).  Mr. Buchanan asserts a variety of unrelated claims regarding his past detention at the County Jail including:  (1) unsafe or inhumane conditions of confinement; (2) an insufficient grievance procedure; (3) improper classification; (4) violation of his equal protection rights; (5) retaliation; and (6) deliberate indifference to his medical needs (*Id.*).   For screening purposes, Judge Ervin determined that Mr. Buchanan has sufficiently pled conditions of confinement claims against Sheriff Maye, Lieutenant Jones, and Jail Coordinator Underwood,

including claims that Mr. Buchanan allegedly was exposed to black mold, freezing temperatures, and inadequate ventilation while confined at the County Jail and that, as a result, Mr. Buchanan allegedly experienced breathing problems, nausea, vomiting, and headaches (Dkt. Nos. 4, at 1; 5, at 2).  Judge Ervin ordered service of these claims (Dkt. No. 4).  This is the third § 1983 lawsuit Mr. Buchanan has filed asserting claims about his past detention at the County Jail.  *See Buchanan v. Maye*, Case No. 2:21-cv-00013-DPM-ERE, Motion to Amend Complaint (E.D. Ark. Feb. 2, 2021) ("Buchanan I"); *Buchanan v. Maye*, Case No. 2:21-cv-00096-JM-PSH (E.D. Ark. Sept. 19, 2021) ("Buchanan II").

## II.     Screening The Complaint

Before the Court is Judge Ervin's Partial Recommended Disposition screening the complaint (Dkt. No. 5).  The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed

facts." *Id*.  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Mr. Buchanan objected to Judge Ervin's Partial Recommended Disposition (Dkt. No. 6). The Court has considered his objections, the record *de novo*, and writes separately to address Mr. Buchanan's objections to Judge Ervin's Partial Recommended Disposition screening his complaint (Dkt. No. 6).  In the Partial Recommended Disposition, Judge Ervin finds that Mr. Buchanan attempts to join improperly unrelated claims in a single lawsuit (Dkt. No. 5, at 4).  Additionally, Judge Ervin recommends dismissal of Mr. Buchanan's claims regarding the grievance procedure and his classification because an inmate does not have a constitutional right to an inmate grievance procedure and does not have a liberty interest in maintaining a particular classification level (Dkt. No. 5, at 5-6).  Judge Ervin recommends screening Mr. Buchanan's equal protection claim because of the lack of factual support in the complaint for the claim.  Judge Ervin recommends screening Mr. Buchanan's retaliation claim because it is unrelated to his other claims and because there is a lack of factual support for the claim.  Finally, Judge Ervin recommends screening Mr. Buchanan's claim that defendant Dr. Elkin refused to address the black mold issue because Mr. Buchanan is already proceeding on this claim against Dr. Elkin in Buchanan II.

Mr. Buchanan objects arguing that Sheriff Maye is responsible for the day-to-day operation of the County Jail, including the grievance procedure and the classification of pre-trial detainees. Mr. Buchanan argues that Sheriff Maye oversees Jail Administrator Lieutenant Jones and Assistant Jail Administrator Jones, who is being sued in his "individual and official capacity for refusing to enforce a proper grievance procedure for redress the plaintiff constitutional rights under the PLRA and plaintiff [Fir]st Amendment right.  And under the 8th and 14th Amendment for plaintiff serious

and severe medical injury that plaintiff suffered for over 2 whole years and defendants [sic] failure to provide implement and enforce a proper classification manual to protect Plaintiff constitution right of [e]qual protection from retaliation." (Dkt. No. 6, at 1).  Mr. Buchanan also asserts that he has stated claims for violation of his equal protection rights, retaliation, deliberate indifference to his medical needs and sexual orientation (Dkt. No. 6, at 1).

Upon a *de novo* review of the record, including the Partial Recommended Disposition, the Court finds that Mr. Buchanan's objections break no new ground and fail to rebut the Partial Recommended Disposition (Dkt. No. 5).  The issues raised by Mr. Buchanan in his objections regarding his First Amendment, equal protection, and retaliation claims are unrelated to the conditions of confinement claims that Judge Ervin finds that Mr. Buchanan may proceed upon in this lawsuit.  *See Stephens v. Does*, 777 F. App'x 176, 177 (8th Cir. 2019) (affirming dismissal, without prejudice, of "several unrelated claims" in a § 1983 action).  Thus, the Court approves and adopts in its entirety as this Court's finding in all respects Judge Ervin's Partial Recommended Disposition screening Mr. Buchanan's complaint (Dkt. No. 5).

### III.   Motion For Temporary Restraining Order

Judge Ervin issued a Partial Recommended Disposition regarding Mr. Buchanan's motion to update on an urgent matter filed on May 31, 2022, in all three of Mr. Buchanan's pending cases, which the Court construed as a motion for hearing and for temporary restraining order (Dkt. No. 32).  Based on the Court's *de novo* review of the docket, Mr. Buchanan has not objected to this Partial Recommended Disposition, and the time for filing objections has passed.  Accordingly, the Court approves and adopts in its entirety as this Court's finding in all respects Judge Ervin's Partial Recommended Disposition (Dkt. No. 32).  The Court denies Mr. Buchanan's motion to update on

an urgent matter which the Court construed as a motion for hearing and for temporary restraining order (Dkt. No. 30).

## IV.    Motion For Judgment On The Pleadings

Judge Ervin issued a Partial Recommended Disposition addressing the motion for judgment on the pleadings of Sterling Penix, Mary Eddleman, Bryant Wilson, and William Anderson (the "State Defendants") (Dkt. No. 55).   Mr. Buchanan responded to the Partial Recommended Disposition stating that he is "in agreement with the Court's Partial Recommended Disposition to dismiss the listed State[] Defendant[s] (Sterling[,] Penix, Mary Eddleman, Bryant Wilson, and William[] Anderson)" (Dkt. No. 58, at 1).   Accordingly, this Court approves and adopts in its entirety as this Court's finding in all respects Judge Ervin's Partial Recommended Disposition on the motion for judgment on the pleadings (Dkt. No. 55).  The Court grants the State Defendants' motion for judgment on the pleadings (Dkt. No. 47).

## V.    Mr. Buchanan's Motion To Dismiss

Judge Ervin issued a Partial Recommended Disposition recommending that the Court grant Mr. Buchanan's motion to voluntarily dismiss his claims against defendant David Underwood (Dkt. No. 54).  Based on the Court's *de novo* review of the record, no one has objected to this Partial Recommended Disposition, and the time for filing objections has passed.  Accordingly, this Court approves and adopts in its entirety as this Court's finding in all respects Judge Ervin's Partial Recommended Disposition (Dkt. No. 54).  The Court grants Mr. Buchanan's motion to voluntarily dismiss his claims against defendant David Underwood (Dkt. No. 53).

## VI.    The County Defendants' Motion For Partial Summary Judgment

Judge Ervin has also issued a Partial Recommended Disposition recommending that the Court grant the motion for partial for summary judgment of St. Francis County defendants Sheriff

May, Lieutenant Jones, and Officer Jones (the "County Defendants") for failure to exhaust administrative remedies as required by the PLRA (Dkt. No. 74).  Mr. Buchanan objects to Judge Ervin's Partial Recommended Disposition on this issue asserting that he turned in grievances and "followed all policies and laws that were afforded me" (Dkt. No. 79, at 2).  The Court will address Mr. Buchanan's objections.

Mr. Buchanan attaches to his objections the County Jail's grievance policy (Dkt. No. 79, at 3).  Mr. Buchanan asserts that he followed the County Jail's policy and "did everything legal[l]y possible to seek relief from the deplorable conditions of horrible ventilation and black mold" (*Id*., at 1).  Mr. Buchanan attaches to his objections two County Jail grievance forms and a sick call request form (*Id*., at 4-6).  All three of the forms were presumably completed by Mr. Buchanan but were never signed to indicate that they were" Received By" a County Jail official (*Id*.).  In his objections, Mr. Buchanan contends that the officer that took his grievances returned the grievance unsigned, and this is "all the proof I have" (*Id*., at 1).  Mr. Buchanan maintains that he should not suffer because of the failure of the County Jail's grievance system (*Id*., at 2).

In the first grievance dated November 20, 2018, Mr. Buchanan complains that he has been "continuing to breath black mold," and he states that the "ventilation is not helping" (*Id*., at 4).  Mr. Buchanan does not mention any of the County Defendants (*Id*.).  The grievance is not signed as received by a County Jail officer (*Id*.).

In the second grievance dated February 10, 2019, Mr. Buchanan does not name specifically any of the County Defendants but does refer to "jail adm." (*Id*., at 5).  Relevant to his current complaint, Mr. Buchanan states that, "[t]he sever[e] mold in Juv cell is very strong and Jail Adm. and Staff refuse to do anything about it[.  T]here is no air coming through nor do we get cleaning

supplies." (*Id.*, at 5).   The second grievance Mr. Buchanan attaches to his objections is also not signed as received by a County Jail officer (*Id.*).

The third document Mr. Buchanan attaches to his objections is a County Jail sick call request form (*Id.*, at 6).   In the sick call request dated August 12, 2019, Mr. Buchanan requests medication for headaches and lower back pain (*Id.*).   The sick call request does not mention black mold or ventilation, and the form is not signed by medical staff (*Id.*).

Mr. Buchanan finally attaches a State of Arkansas Department of Finance and Administration Criminal Detention Facilities Review Committees' inspection report of County Jail dated June 18, 2019.   Mr. Buchanan states that the document is evidence that it "found the problems of mold and bad ventilation" at the County Jail (Dkt. No. 79, at 1, 7-16).

As Judge Ervin noted in her Partial Recommended Disposition on these issues, the PLRA requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983 (Dkt. No. 74, at 3).   Further, the County Jail's requirements, and not the PLRA, define the boundaries of proper exhaustion (*Id.* (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Here, the County Jail grievance policy provides a five-step procedure for processing a grievance (Dkt. No. 79, at 3).   The process requires that "[a] grievance shall be submitted in the form of a written statement by the inmate promptly following the incident" (*Id.*).   The policy requires that the inmate include on the written grievance the "time, date, names of the jail officer and/or staff members involved, and pertinent details of the incident, including the names of any witnesses." (*Id.*).   The policy provides that, upon receipt of a grievance by the shift supervisor, "he/she shall review the grievance and determine if it constitutes:  a. [a] prohibited act by jail officer or staff member. b. [a] a violation of the inmate's civil rights.  c. [a] criminal act.  d. [a]n

abridgement of inmate privileges." (*Id.*).  If the grievance constitutes a prohibited act, then the policy provides for the jail administrator to order a "prompt investigation." (*Id.*).  Finally, the policy provides that "[a]ny inmate who submits a grievance shall receive a written response following the investigation of the grievance." (*Id.*).

In support of their motion for summary judgment, the County Defendants provided the declaration of Lieutenant Jones (Dkt. No. 68-1).  Lieutenant Jones stated in her declaration that between the date that Mr. Buchanan was booked into the detention center, November 8, 2018, and the date that he was released to the Arkansas Division of Correction, November 13, 2020, Mr. Buchanan submitted approximately 55 grievances and did not submit any regarding his allegations of black mold and inadequate ventilation (*Id.*, ¶ 6).

After reviewing the two grievances provided by Mr. Buchanan with his objections, the Court cannot conclude based on the record evidence before it that Mr. Buchanan submitted the November 20, 2018, or February 10, 2019, grievances to a County Jail official as required by the County Jail grievance policy, even though approximately 55 other grievances were submitted by Mr. Buchanan during the relevant time and recognizing Mr. Buchanan's sworn averment that County Jail officials refused to pick up and sign these two grievances now produced by Mr. Buchanan.  Even if the grievances Mr. Buchanan presents with his objections had been submitted to a County Jail official by Mr. Buchanan, although the Court acknowledges that the 2019 grievance submitted by Mr. Buchanan refers to "Jail Admin. and staff," the grievances do not name specifically any of the County Defendants as required by the County Jail grievance policy, which specifies that a grievance include the "time, date, names of the jail officer and/or staff members involved, and pertinent details of the incident, including the names of any witnesses," to have fully exhausted Mr. Buchanan's grievances against these defendants prior to filing this lawsuit as

required by the PLRA (*Id.*).  Finally, there is no indication that Mr. Buchanan completed the grievance process with respect to his November 20, 2018, and February 10, 2019, grievances prior to filing this lawsuit because he never received responses to these grievances as required by the County Jail's grievance policy (*Id.*).  As Judge Ervin concluded, the undisputed record refutes Mr. Buchanan's unavailability argument (Dkt. No. 74, at 6).

The County Jail sick call request and the Criminal Detention Facilities Review Committees' inspection report attached to his objections are irrelevant to whether Mr. Buchanan exhausted his administrative remedies as to these County Defendants by reporting problems of black mold and ventilation to defendants prior to filing this lawsuit as required by the PLRA.  Mr. Buchanan cannot establish that he exhausted his administrative remedies as required by the PLRA through either a sick call request or the inspection report; instead, exhaustion depends on Mr. Buchanan following the County Jail's grievance policy.

Upon a *de novo* review of the record, including the Partial Recommended Disposition and Mr. Buchanan's objections, the Court finds that Mr. Buchanan's objections break no new ground and fail to rebut the Partial Recommended Disposition.  Thus, the Court approves and adopts in its entirety as this Court's finding in all respects Judge Ervin's Partial Recommended Disposition recommending that the Court grant the County Defendants' motion for summary judgment (Dkt. No. 74).

## VII.   Conclusion

For these reasons, the Court adopts the Partial Recommended Dispositions in their entirety as this Court's findings in all respects (Dkt. Nos. 5, 32, 54, 55, and 74).  Therefore, it is ordered that:

1.   Mr. Buchanan may proceed on his conditions of confinement claims against defendants Bobby Maye, Jonnie Jones, Larry Jones, and David Underwood, and all other claims in the complaint are dismissed without prejudice (Dkt. Nos. 2, 5);

2.   The Clerk is instructed to terminate Darrell Elkin, M.D., as a party defendant;

3.   The Court denies Mr. Buchanan's motion for hearing and motion for temporary restraining order (Dkt. No. 30);

4.   The Court grants the State Defendants' motion for judgment on the pleadings and all claims against the State Defendants are dismissed without prejudice (Dkt. No. 47);

5.   The Clerk is instructed to terminate State Defendants Sterling Penix, Mary Eddleman, Bryant Wilson, and William Anderson as party defendants;

6.   The Court grants Mr. Buchanan's motion to voluntarily dismiss his claims against defendant David Underwood, and all claims against Mr. Underwood are dismissed without prejudice (Dkt. No. 53);

7.   The Clerk is instructed to terminate David Underwood as a party defendant;

8.   The Court grants the County Defendants' motion for partial summary judgment (Dkt. No. 66).

9.   Mr. Buchanan's claims against County Defendants Sheriff May, Lieutenant Jones, and Officer Jones regarding his exposure to black mold and an inadequate ventilation system are dismissed without prejudice based on Mr. Buchanan's failure to fully exhaust his administrative remedies.  Mr. Buchanan may proceed with his claims that County Defendants Sheriff May, Lieutenant Jones, and Officer Jones exposed him to freezing temperatures in violation of his constitutional rights.

So ordered, this 30th day of March, 2023.

Kristine G. Baker
United States District Judge